ALLIANCE MILLING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15649. Promulgated February 1, 1928.

*G. D. Hunt, Esq., L. B. Smith, C. P. A., and Fred H. Miner, Esq.,* for the petitioner.

*T. M. Mather, Esq.,* for the respondent.

458

OPINION.

MILLIKEN: At the hearing, petitioner offered in evidence a report of a revenue agent dated July 22, 1924, for the sole purpose of showing the basis upon which respondent predicated his action in determining the deficiency in controversy. At that time, petitioner was denied the right to introduce said report in evidence, but was permitted to have the report marked for identification and noted of record. Upon reconsideration, it is our opinion that the report should be admitted in evidence for the sole purpose for which it was sought to be introduced.

The only issues presented by the petition are those set out in the opening paragraph. Petitioner, in the brief filed in its behalf, now insists that it is entitled to an allowance for obsolescence in the amount claimed as a loss.

The pertinent parts of section 234 of the Revenue Act of 1918 read:

SEC. 234(a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

   *       *       *       *       *       *       *

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise;

   *       *       *       *       *       *       *

(7) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence; * * *

The above subdivisions are mutually exclusive. The deduction which may be taken for losses sustained is an entirely different deduction from that which may be taken for exhaustion, wear and tear and obsolescence. In order to sustain its claim for a loss on discarded machinery, petitioner must show either that it was disposed of during the taxable year at less than its salvage value when discarded or that during the taxable year it became entirely valueless. It has introduced no evidence on this point. We do not know what was the salvage value of the particular machinery, which was sold. All we know is that the value of all the discarded machinery on hand on December 31, 1918, was $17,500, and that an indefinite part of this aggregate was sold for $1,392.69 in the year 1919. From this data, we are unable to compute petitioner's loss, if any, on this particular sale. Neither was the machinery remaining after the sale valueless. Petitioner also sold in years subsequent to 1919, other parts of such machinery and now has on hand 228 pieces, concerning the value of which we are not informed. It is clearly impossible for us to find that petitioner suffered a loss in 1919 of $16,107.31. This amount represents the whole of the salvage value of the machinery on December 31, 1918, less the exact amount received on sales made in 1919, and includes machinery sold in years subsequent to 1919, and also machinery now on hand. To make any finding that petitioner sustained a loss in 1919, with respect to this machinery, would be to indulge in pure speculation and this we decline to do.

Next, petitioner claims that it is entitled to an allowance for 1919, for further obsolescence, represented by the difference in value of the machinery on December 31, 1918, and the sum received from the sale of a part thereof in 1919. While it seems clear that the discarded machinery became obsolete in 1918, when it was discarded, and that what petitioner asserts was further obsolescence was in fact shrinkage in value, which can not be determined as a loss until the machinery is disposed of, we are not called upon to decide this question for the reason, as above pointed out, we have no sufficient

data upon which to find as a fact what was the amount of the further obsolescence, if any. We are clearly of the opinion that petitioner is not entitled, upon the record presented, to any further deduction in the nature of a loss or obsolescence.

When we come to the question of petitioner's invested capital for the year 1919, an entirely new issue is presented which in no way involves issues as to losses and obsolescence. We have found as a fact that the discarded machinery, after taking into consideration an allowance for obsolescence, was worth $17,500 on December 31, 1918. This whole amount should be included in petitioner's invested capital. Since respondent has included in invested capital for 1919, of the above amount, $1,392.69, petitioner is entitled to have his invested capital further adjusted by addition thereto of $16,107.31.

*Judgment will be entered on 15 days' notice, under Rule 50.*